IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WASHINGTON PLACE LOFTS CONDOMINIUM ASSOCIATION, INC. | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:09CV3983 |
| THE TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY | § § | |

**DEFENDANT'S NOTICE OF REMOVAL
EXHIBIT C: COPIES OF PLEADINGS ASSERTING
CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, The Travelers Lloyds Insurance Company, defendant in the above-captioned cause, and files copies of all pleadings asserting causes of action and all answers to such pleadings, as required by Local Rule 81.2.

# 2009-72280

| | | |
|---|---|---|
| Cause No. _____ | | |
| WASHINGTON PLACE LOFTS CONDOMINIUM ASSOCIATION, INC. § | | IN THE DISTRICT COURT OF |
| Plaintiff § | | |
| THE TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY § | | HARRIS COUNTY, TEXAS |
| Defendant § | | 189 JUDICIAL DISTRICT |

## CIVIL CASE INFORMATION SHEET

This form must be completed and filed with every original petition, and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. <u>This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial.</u>

Service must be obtained promptly. Notice is hereby given that, per Harris County Local Rule 3.6, any case in which no answer has been filed or default judgment signed FOUR (4) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

Type of action: ☐ Commercial ☐ Personal Injury ☐ Death ☐ Other _____

Check all claims pled:

| | | | |
|---|---|---|---|
| ☐ Account due | ☐ Defamation | ☐ Fraud | ☐ Products liability |
| ☐ Admiralty | ☐ Disbarment | ☐ Garnishment | ☐ Post judgment |
| ☐ Assault | ☐ Discrimination | ☐ Injunction/TRO | ☐ Railroad |
| ☐ Asbestosis | ☐ Dram shop | ☐ Insurance bad faith | ☐ Real estate |
| ☐ Auto | ☑ DTPA | ☐ Malicious prosecution | ☐ Securities fraud |
| ☐ Bill of review | ☐ Employment discharge | ☐ Malpractice/Legal | ☐ Sequestration |
| ☐ Conspiracy | ☐ Expunction | ☐ Malpractice/Medical | ☐ Silicone implant |
| ☑ Contract | ☐ False imprisonment | ☐ Name change | ☐ Tortious interference |
| ☐ Deed restriction | ☐ Foreclosure | ☐ Note | ☐ Trespass |
| ☐ Declaratory judgment | ☐ Forfeiture | ☐ Premises liability: | ☐ Workers compensation |
| | ☑ Other Bad Faith | | |

Has this dispute previously been in the Harris County courts? ☑ No   ☐ Yes, in the following court: ____

Monetary damages sought   ☐ less than $50,000   ☐ 50,001 - $100,000   ☑ greater than $100,000

Estimated time needed for discovery:   ☐ 0-3 months   ☐ 4-6 months   ☐ 7-12 months   ☑ >1 year

Estimated time needed for trial:   ☐ 1-2 days   ☑ 3-5 days   ☐ 6-10 days   ☐ >10 days

Are you going to request Level 3 status? ☑ Yes ☐ No
If yes, please state your estimate for total hours of deposition per side: 100 and the number of interrogatories needed for each party to serve on any other party: 40

Name of party filing this cover sheet: Washington Place Lofts Condominium Association, Inc.
Signature of attorney or pro se filing cover sheet: _____
Name printed: Daryl W. Bailey
Phone No: 713-986-7000   Bar No: 01520050

**FOR COURT USE ONLY:**

Track assigned   ☐ Track 1   ☐ Track 2   ☐ Track 3

Court Coordinator _____   Date: _____

Service COPY

2009-72280

CAUSE NO. 2009-_____

| | | |
|---|---|---|
| WASHINGTON PLACE LOFTS CONDOMINUM ASSOCIATION, INC. <br> Plaintiff | § § § § | IN THE DISTRICT COURT OF |
| v. | § § | HARRIS COUNTY, TEXAS |
| THE TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY <br> Defendant. | § § § § | 189 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

Washington Place Lofts Condominium Association, Plaintiff ("Washington") files this lawsuit and shows the court as follows:

### DISCOVERY PLAN

1. Washington intends to conduct discovery pursuant to Rule 190.3 (level 3) of the Texas Rules of Civil Procedure.

### PARTIES

2. Washington is a Texas nonprofit corporation with its principal place of business located in Harris County, Texas.

3. The Travelers Lloyds Of Texas Insurance Company ("Travelers") is an insurance company doing business in Texas. Travelers can be served with process by delivering the citation along with a copy of this petition to its Attorney for Service, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin TX 78701-3232 as its agent for service of process.

DEPUTY
BY

79933.1

1

2009 NOV -6 PM 3:10

## VENUE AND JURISDICTION

4. Venue is proper in Harris County, Texas because substantially all of the events giving rise to this suit occurred in Harris County, Texas.

5. Travelers is a resident of the State of Texas and therefore this court has personal jurisdiction of it. The damages and relief sought herein are within the jurisdictional limits of this court.

## FACTS

6. Washington owns real property and improvements located at 1716 – 1722 Washington Avenue, Houston, Texas 77007 (the "Property"). For the year beginning December 1, 2007 and ending December 1, 2008, in exchange for valuable consideration, Travelers provided a policy of insurance to Washington covering the Property. Travelers insures Washington's Property under policy number IL—PACP—1917C668—TLC—07 ("the Policy") for losses resulting from Hurricane Ike.

7. At all times mentioned herein, Washington maintained insurance coverage well in excess of the amount of the claim on its Property and timely paid premiums when they became due to Travelers. Therefore, Washington has duly complied with all material conditions in such Policy. Washington purchased the Policy in reliance upon, among other things, Travelers' representations that the Policy insured against property damage to covered property that could result from hurricanes impacting the Gulf Coast, including any and all damage proximately, efficiently and normally caused by the weather phenomena associated with or occurring in conjunction with hurricanes.

8.     Traveler's Policy insures Washington against, among other things, risks of loss or damage to covered property caused directly or indirectly by a Windstorm or Hail up to the respective policy limits. The damaged Property is "covered property" under the Policy. Travelers' Policy broadly defines the covered Windstorm or Hail peril. Under Travelers' Policy the loss or damage arising out of a Windstorm or Hail event is subject to a separate "Windstorm Or Hail Percentage Deductible" of two percent (2%) specifically applicable to such loss and damage.

9.     On or about September 13, 2008, Hurricane Ike approached the Texas coastline with the eye of the hurricane ultimately making landfall in an area just east of Galveston Island. Hurricane Ike, together with its related weather phenomenon, caused serious damage to Washington's Property. Washington provided timely notice to Travelers of the damages to its Property.

10.    Travelers wrongfully asserted, inter alia, that: (a) the vast majority of the damages and losses sustained by Washington were not because of "observable wind damages to the structures' roof(s) or wall(s), that were determined to be caused by wind, through which rain entered"; therefore, that the vast majority of the damages and losses sustained by Washington arising out of Hurricane Ike are not covered under the Policy. Further, Travelers wrongly claimed that the "Association Agreement" excluded coverage for the losses. Travelers' conduct and faulty coverage positions reflect a conscious and deliberate corporate decision to find an excuse, even an illegitimate excuse, to delay and/or reduce any payment on Washington's claim. Such decision is further evidenced by Travelers' failure to quickly and expeditiously investigate and pay Washington's claim.

11.     Washington seeks construction of the Policy and damages for Travelers' arbitrary and capricious manner in responding to Washington's claim under the Policy, damages for Travelers' breach of the duty of good faith and fair dealing, and damages for breach of contract including statutory penalties, interest and attorneys' fees.

## WASHINGTON'S TENDER OF CLAIM AND TRAVELERS' ERRONEOUS FAILURE TO PAY

12.     Washington incorporates herein by reference paragraphs 6. - 11. as though set forth herein now verbatim.

13.     Washington timely tendered its claim under the Policy. Travelers delayed responding under the auspices of investigating the claim. When Travelers finally responded months later, by letter dated May 23, 2009, it erroneously failed to pay the majority of Washington's claim based on its faulty construction of the Policy. Washington then requested Travelers to reconsider its position and by letter dated July 31, 2009 Travelers maintained its original faulty construction of the Policy and refused to pay a majority of the claim. Accordingly, Travelers has failed to the majority of Washington's damages covered under the Policy and attributable to Hurricane Ike.

14.     Pursuant to Texas Insurance Code, Art. 21.55 (now codified at Texas Insurance Code § 542.060 (2005)), Washington is entitled to interest at the rate of 18% per annum where a claim is submitted by a policyholder pursuant to a policy of insurance and the insurer liable for payment of the claim is not in compliance with this article by wrongfully denying coverage and failing to timely pay a covered claim. Under applicable Texas law, an insurer's failure to make payment within 60 days from the date of the submission of the initial claim entitles Washington to

4

interest at the rate of 18 % per annum; Travelers' delay, preliminary rejection, and failure to pay the claim constitutes a delay in payment under Article 21.55 (Tex. Ins. Code § 542.058) and/or a failure to pay within the statutorily-mandated 60 day period, as prescribed by Art. 21.55 § 3(f) (Tex. Ins. Code § 542.058). Prior to the expiration of the 60 day period, Travelers wrongfully failed and/or refused to pay for the vast majority of Plaintiff's losses. Accordingly, Travelers' violation of Article 21.55 of the Texas Insurance Code (Tex. Ins. Code § 542.060) entitles Washington to interest at the rate of 18% per annum pursuant to applicable Texas law accruing from the date it first submitted its proof of loss.

15.  Pursuant to Texas Insurance Code, Art. 21.55 (Tex. Ins. Code § 542.060), Plaintiffs are entitled to its reasonable and necessary attorneys' fees.

## BREACH OF CONTRACT

16.  Washington incorporates herein by reference paragraphs 6. - 11. as though set forth herein now verbatim.

17.  By issuing and delivering the Policy to Washington, Travelers entered into an insurance contract with Washington whereby Travelers agreed to provide coverage for losses arising from any Hurricane Ike. Upon submission of Washington's Proof of Loss, Travelers was obligated to pay for all covered losses arising from Hurricane Ike. Travelers' denial of coverage and refusal to pay the vast majority of the claim constitutes a breach of contract.

## VIOLATIONS OF TEXAS INSURANCE CODE & THE TEXAS DECEPTIVE PRACTICES ACT

18.  Washington incorporates herein by reference paragraphs 6. - 11. as though set

forth herein now verbatim.

19. Pursuant to Texas Insurance Code Art. 21.21 (now codified at §§ 541.152 & 541.060 (2005)), Washington is entitled to the amount of actual damages, plus courtcosts and reasonable and necessary attorney's fees, where an insurer uses or employs an act or practice in violation of this article. Specifically, Travelers used or employed the following acts or practices in violation of Insurance Code article 21.21 (Tex. Ins. Code § 541.060):

- (a) failing to properly investigate this claims and respond to it in a timely manner;

- (b) seeking to apply arbitrary and unreasonable interpretations of the Policy to Washington's claims as part of a concerted plan to avoid or limit payments for the damages and loss caused by Hurricane Ike;

- (c) wrongfully failing and continuing to fail to pay Plaintiffs for damages to covered property caused by Hurricane Ike and the weather phenomenon associated with or occurring in conjunction with that storm;

- (d) improperly asserting certain deductibles, exclusions and limitations not applicable, all contrary to the express provisions of the Policy;

- (e) willfully concealing the intent to not cover water damages from Windstorm losses, even when such losses were caused by a hurricane and specifically covered, all for the purpose of defrauding, deceiving and inducing Washington into purchasing the Policy;

79933.1

6

(f)     intending to cause and causing Washington to rely upon Travelers' months delay in response to Washington's repeated requests for coverage.

Because Travelers acted knowingly, Washington is entitled to recover actual damages plus an amount not to exceed three times the amount of actual damages under the Texas Deceptive Trade Practices Act, Texas Business & Commerce Code section 17.50(b)(1).

### BAD FAITH

20.   Washington incorporates herein by reference paragraphs 6. through 11. as though set forth herein now verbatim.

21.   The Policy contains an implied duty of good faith and fair dealing. Travelers breached this implied covenant of good faith and fair dealing by, among other things: (1) failing to properly investigate the claim and respond in a timely manner; (2) seeking to apply arbitrary and unreasonable interpretations of the Policy to the claim as part of a concerted plan to avoid or limit payments for the damages and loss caused by Hurricane Ike; (3) wrongfully failing and continuing to fail to pay Washington for damages to covered property caused by Hurricane Ike and the weather phenomenon associated with or occurring in conjunction with that storm; and (4) improperly asserting certain deductibles, exclusions and limitations not applicable and contrary to the express provisions of the Policy.

22.   The Policy issued by Travelers specifically provides coverage for Windstorm. Now, after a large hurricane has caused precisely the sort of damages and losses that the Policy was meant to cover, Travelers wrongfully has taken the position that Washingtons damages and

loss are excluded because they were caused by construction defects because "there were no 'observable' wind damages to the roof and walls, through which rain entered". At the time Travelers collected premiums from Washington and issued the Policy providing coverage for Windstorm, Travelers was fully aware that hurricanes cause wind damage resulting in water intrusion. For Travelers to now claim that there is no coverage under certain provision of the Policy when those policies specifically cover such hurricane losses, reflects a conscious and deliberate corporate decision by Travelers to avoid or limit paying Washington and other similarly situated insureds what they are owed for this large hurricane loss.

23. The unjustified and unreasonable conduct of Travelers was intended to deprive Washington of its benefit of the bargain and caused financial prejudice and harm to Washington. The breach of its duty of good faith and fair dealing by Travelers was done with a conscious disregard of Washington's rights and with the intent to vex, injure or annoy Washington such as to constitute oppression or malice. Washington is therefore entitled to exemplary damages to punish and to make an example of Travelers.

24. All of Travelers' conduct as described herein is a producing cause and proximate cause of the damages incurred by Washington, the amount of such damages exceed the minimal jurisdictional limits of this court.

**ATTORNEYS' FEES**

25. Washington seeks and is entitled to recover its attorney's fees from Travelers pursuant to the Texas Civil Practice and Remedies Code, the Texas Consumer Protection— Deceptive Trade Practices Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

26. All conditions precedent have occurred, been performed, satisfied or have been waived.

## REQUEST FOR DISCLOSURES

27. Washington hereby requests that Travelers disclose the information requested in Rule 194.2 and 194.4 of the Texas Rules of Civil Procedure within 50 days of the date this suit is served.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Washington prays that Travelers be cited to appear and answer herein, and that on final hearing, Washington have and recover a judgment against Travelers for:

1. the actual damages directly or proximately caused by Travelers within the jurisdictional limits of this court;
2. statutory interest, including but not limited to prejudgment and post-judgment interest at the maximum recoverable rate allowed by law;
3. additional damages as provided by statute(s);
4. exemplary damages as found by the trier of fact;
5. Reasonable attorney's fees; and
6. All costs of Court; and

In addition, Washington prays for such other and further relief, both general and special, at law or in equity, to which it may be justly entitled.

9

79933.1

Respectfully submitted,

LOOPER REED & McGRAW, P.C.

By: _____
Daryl W. Bailey
State Bar Number 01520050
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000
(713) 986-7100 (FAX)

ATTORNEYS FOR PLAINTIFF

10

79933.1

CAUSE NO. 2009-72280

| | | |
|---|---|---|
| WASHINGTON PLACE LOFTS CONDOMINIUM ASSOCIATION, INC. | § § § | IN THE DISTRICT COURT OF |
| V. | § § § | HARRIS COUNTY, TEXAS |
| THE TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY | § § | 189TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

COMES NOW, The Travelers Lloyds Insurance Company (incorrectly sued herein as The Travelers Lloyds of Texas Insurance Company), the defendant in the above entitled and numbered cause, and file this its original answer to plaintiff's original petition on file herein, and in support thereof would respectfully show the Court as follows:

I.

The defendant, The Travelers Lloyds Insurance Company, hereby generally denies the allegations contained in plaintiff's original petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus asserts its privilege of insisting that such allegations be proven by a preponderance of credible evidence.

II.

The defendant, The Travelers Lloyds Insurance Company, specifically reserves the right to amend its answer to plead any affirmative defenses or other matters that must be specially pled or to assert any counterclaims that it may have after discovery in the case is complete.

WHEREFORE, PREMISES CONSIDERED, defendant, The Travelers Lloyds Insurance Company, moves and prays the Court that upon trial hereof, plaintiff recover nothing, and that defendant go hence with its costs, and for such other and further relief,

both general and special, legal and equitable, to which defendant may show itself justly entitled to receive.

        Respectfully submitted,

        ORGAIN BELL & TUCKER, LLP
        P O Box 1751
        Beaumont, TX 77704-1751
        (409) 838-6412
        (409) 838-6959 facsimile

        //s//  Greg C. Wilkins
        Greg C. Wilkins
        State Bar No. 00797669
        Christopher A. McKinney
        State Bar No. 24044544

        ATTORNEYS FOR DEFENDANT,
        THE TRAVELERS LLOYDS INSURANCE
        COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December, 2009, I electronically filed the foregoing with the Harris County district clerk via ProDoc which will send notification of such filing to each counsel of record and such document has also been forwarded to the following counsel of record by Certified Mail, Return Receipt Requested:

    Daryl W. Bailey
    Looper Reed & McGraw, P.C.
    1300 Post Oak Blvd., Suite 2000
    Houston, TX 77056

        //s//  Greg C. Wilkins
        Greg C. Wilkins